IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JIMMY SMITH

                Petitioner,                      OPINION AND ORDER

    v.

                                                13-cv-368-wmc

ROBERT WERLINGER, WARDEN,
FCI-OXFORD,

                Respondent.

---

Jimmy Smith is currently in custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which challenges the validity of his federal conviction and sentence under the career-offender guideline. *See* U.S.S.G. § 4B1.1. Because Smith does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241 and his pending petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

FACTS

The following facts are taken from the pleadings and the electronic docket in Smith's underlying criminal case:

A grand jury in the United States District Court for the Western District of Michigan, Southern Division, returned a 19-count indictment against Smith, charging him with distribution of crack cocaine within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860(a). *United States v. Smith*, Case No. 05-cr-18

(W.D. Mich.). On May 24, 2005, Smith pled guilty to one of the counts outlined in that indictment. On October 6, 2005, the district court determined that Smith was a "career offender" under the advisory guidelines, *see* U.S.S.G. § 4B1.1, and sentenced him to serve 188 months in prison. Smith did not file a direct appeal from that conviction and sentence.

Just under a year later, on October 2, 2006, Smith did file a motion under 28 U.S.C. § 2255, asking the trial court to vacate, set aside, or correct his sentence. Smith argued that he was entitled to relief because: (1) his plea was not voluntarily made; and (2) he was denied effective assistance of counsel in connection with his guilty plea, his right to appeal and his sentencing, among other things. The district court that presided over Smith's guilty plea and sentencing found no merit in either claim. *See Smith v. United States*, 06-cv-141 (W.D. Mich. April 11, 2007). The Sixth Circuit denied Smith's request for a certificate of appealability. *See Smith v. United States*, No. 07-1589 (6th Cir. May 7, 2008). Smith did not pursue a writ of certiorari from that decision.

On May 9, 2008, Smith filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that he was entitled to a reduction in his term of imprisonment based on amendments to the sentencing guidelines for offenses involving crack-cocaine. *See* U.S.S.G. § 2L1.1. On November 16, 2010, the trial court denied that motion because Smith's sentence was based on the career-offender guideline, and not the drug-quantity table found at § 2L1.1.

Smith now seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his conviction and sentence are invalid. Smith argues primarily that the district court erred

by classifying him as a career offender pursuant to U.S.S.G. § 4B1.1. In particular, Smith maintains that his prior Michigan conviction for escape, which was one of the predicate offenses used to enhance his sentence, "no longer constitutes a crime of violence" under *Chambers v. United States*, 555 U.S. 122 (2009).[1]

## OPINION

While Smith purports to seek judicial review of his criminal conviction and sentence under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States," this review is usually reserved for attacking the execution, not the imposition, of a sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). By contrast, "[28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

Because Smith argues that his current sentence should be set aside or vacated, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. As a rule, however, motions of

---

[1] A defendant is a career offender, and subject to an enhanced sentence under Guideline § 4B1.1(a), if the following criteria are met: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." A "crime of violence" is defined in Guideline § 4B1.2(a) to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year," that — (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; or (2) "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

this kind must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In a "narrow class of cases," a federal prisoner may proceed under § 2241 if he can show that his claims fit within the "savings clause" found in 28 U.S.C. § 2255(e). *Hill*, 695 F.3d at 648; *Kramer*, 347 F.3d at 217 (citation omitted). To fit within that narrow exception, however, a prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.* Smith falls short of that showing here.

The Seventh Circuit has established three conditions for a habeas petitioner to fit within the savings-clause exception. First, the prisoner must show that he relies on a judicial decision in a "statutory-interpretation case," rather than a "constitutional case." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id*. Third, the prisoner must demonstrate that the sentence enhancement at issue must have been "a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id*.; *see also In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (requiring "a fundamental defect in his conviction or sentence").

The Seventh Circuit has also found § 2255 inadequate for purposes of the savings clause when the statutory prohibition on second or successive motions would otherwise "prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). To make this showing, a prisoner must demonstrate

4

that "the legal theory he advances relies on a change in law that both postdates his first § 2255 motion . . . and 'eludes the permission in [§] 2255 for successive motions.'" *Kramer*, 347 F.3d at 217 (quoting *In re Davenport*, 147 F.3d at 605, 611 (7th Cir. 1998)).

The claim raised by Smith does not fit within any category recognized by the Seventh Circuit. Not only does Smith not raise a claim involving actual innocence, the legal theories presented in his pending § 2241 petition could have been raised as early as a direct appeal from sentencing, but were not. *See Taylor v. United States*, 495 U.S. 575 (1990); *see also Shepard v. United States*, 544 U.S. 13 (2005). Smith also could have challenged his sentence under the career-offender guideline in his initial motion to vacate under § 2255.[2] *See United States v. Templeton*, 543 F.3d 378 (7th Cir. 2008) (holding that, in light of *Begay v. United States*, 128 S. Ct. 1581 (2008), a "walkaway" escape from a non-secure detention facility is not a crime of violence for sentencing purposes); *see also Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). Under these circumstances, Smith has not and cannot show that § 2255 was inadequate or ineffective to test the legality of his detention. *See Hill*¸ 695 F.3d at 649; *see also Taylor*, 314 F.3d at 835 (observing that a petitioner's prior failure to present a constitutional claim or "theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective'").

---

[2] To the extent that Smith did not challenge his sentence under the career-offender guideline in his first motion under § 2255, the record does not reflect whether he has sought leave to file a second § 2255 motion. *See* 28 U.S.C. §§ 2244(3), 2255(h).

ORDER

IT IS ORDERED that Jimmy Smith's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction. His motion for appointment of counsel (dkt. # 2) is DENIED as moot.

Entered this 4th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge